Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CPM CONSULTING, LLC and | § | |
| MARTINO RIVAPLATA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CAPSUGEL US, LLC, | § | |
| | § | |
| Defendant. | § | |

**LIST OF DOCUMENTS ATTACHED TO NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a), the following documents are attached to the Notice of

Removal filed herein:

| Exhibit | Document Name | Date Filed |
|---|---|---|
| A-1 | Docket Sheet – State Court | 10/18/2017 (print date) |
| A-2 | Plaintiff's Original Petition | 10/2/2017 |
| A-3 | Civil Case Information Sheet | 10/2/2017 |
| A-4 | Enter Demand for Jury | 10/2/2017 |
| A-5 | Citation | 10/4/2017 |

DATED: November 6, 2017

Respectfully submitted,

/s/ Talley R. Parker
Talley R. Parker
State Bar No. 24065872
talley.parker@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 520-2400
Fax:  (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On November 6, 2017, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), including by certified mail, return-receipt requested, as follows:

    Steven E. Clark
    sclark@dfwlaborlaw.com
    Clark Firm PLLC
    10000 N. Central Expressway, Suite 400
    Dallas, Texas 75231
    Tel.: 214-890-4066
    Fax: 214-890-4013

/s/ Talley R. Parker
Talley R. Parker

Exhibit A-1

# DOCKET SHEET
## CASE NO. DC-17-13492

| | | |
|---|---|---|
| CPM Consulting, LLC et al<br>vs.<br>Capsugel US, LLC | §<br>§<br>§<br>§ | Location: **95th District Court**<br>Judicial Officer: **MOLBERG, KEN**<br>Filed on: **10/02/2017** |

---

### CASE INFORMATION

Case Type: **EMPLOYMENT**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **CPM Consulting, LLC** | **CLARK, STEVEN EUGENE**<br>*Retained*<br>214-890-4066(W) |
| | Rivaplata, Martino | **CLARK, STEVEN EUGENE**<br>*Retained*<br>214-890-4066(W) |
| **DEFENDANT** | **Capsugel US, LLC** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/02/2017 | NEW CASE FILED (OCA) - CIVIL | |
| 10/02/2017 | ORIGINAL PETITION | |
| 10/02/2017 | ISSUE CITATION<br>*9214 8901 0661 5400 0113 2458 13* | |
| 10/02/2017 | CASE FILING COVER SHEET | |
| 10/02/2017 | JURY DEMAND<br>Party:  PLAINTIFF  CPM Consulting, LLC | |
| 10/04/2017 | **CITATION**<br>Capsugel US, LLC<br>Unserved<br>*CERT MAIL / BH* | |
| 10/04/2017 | NOTE - ADMINISTRATOR<br>*Set for initial dismissal (service/default): November 30, 2017. Notice faxed to counsel. .* | |
| 11/30/2017 | **DISMISSAL FOR WANT OF PROSECUTION** (9:00 AM)  (Judicial Officer: MOLBERG, KEN) | |

---

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PLAINTIFF**  Rivaplata, Martino<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  10/18/2017** | | 423.00<br>423.00<br>**0.00** |
| 10/02/2017<br>10/02/2017 | Charge<br>CREDIT CARD -  Receipt # 64450-2017-DCLK<br>TEXFILE (DC) | PLAINTIFF Rivaplata, Martino<br>PLAINTIFF Rivaplata, Martino | 423.00<br>(423.00) |

*Printed on 10/18/2017 at 1:31 PM*

RECEIVED

OCT 2 3 2017

BY:_____

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.
GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 18th day of Oct, A.D. 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Beany John                                    Deputy

Exhibit A-2

FILED
DALLAS COUNTY
10/2/2017 12:00 AM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

1 CT-CERT-MAIL

CAUSE NO. DC-17-13492
_____

| | | |
|---|---|---|
| CPM CONSULTING, LLC and | § | IN THE DISTRICT COURT |
| MARTINO RIVAPLATA, | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | D-95TH |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| CAPSUGEL US, LLC, | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs CPM Consulting, LLC ("CPM") and Martino Rivaplata ("Rivaplata," collectively with CPM, "Plaintiffs") file this Original Petition against Capsugel US, LLC ("Capsugel") seeking recovery for tortious interference with a contract formed in the state of Texas and violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12. In support of these claims, Plaintiffs respectfully show the Court the following:

### I. INTRODUCTION

Plaintiffs intend that a "Level 2" Discovery Control Plan govern this action in accordance with Texas Rule of Civil Procedure 190.3.

Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $100,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

### II. THE PARTIES

1.     Plaintiff CPM is a limited liability company, duly formed and existing under the laws of the State of Florida, with a principal place of business in Texas.

2.     Plaintiff Rivaplata is the sole member of CPM and a resident of the State of Texas.

3.     Defendant Capsugel is a Delaware corporation having a principal place of business in New Jersey. Capsugel may be served with process by and through its registered agent Corporation

**Plaintiffs' Original Petition**                                                                                    **Page 1**

Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III. JURISDICTION AND VENUE

4.      Subject-matter jurisdiction is proper in this Court because the amount in controversy is within the Court's jurisdictional threshold.

5.      Defendant Capsugel is a multinational biopharmaceutical company that manufactures and sells products throughout the world, including the state of Texas.  Capsugel is subject to general personal jurisdiction in the State of Texas because its activities in this state are of a continuous and systematic nature. Capsugel has engaged in business in the State of Texas and has sufficient minimum contacts with Texas as to justify the Court's jurisdiction over it. Furthermore, such jurisdiction over Capsugel does not offend the notions of fair play and substantial justice.

6.      In accordance with Section 15.001, *et seq*. of the Texas Civil Practice & Remedies Code, venue is proper in this Court because the events or omissions giving rise to Plaintiffs' cause of action occurred in whole or in part in Dallas County, Texas.

### IV. THE FACTS

7.      Rivaplata, by and through his company CPM, executed a Subcontract Services Agreement (Agreement) with Robert Half Technology on or about April 3, 2017 to provide Capsugel with a SAP HANA Data Modeler (the "Project").

8.      Rivaplata was informed that the project would last 6 months +, which in the industry means a minimum of one year, which was reflected in the Work Schedule attached to the Agreement. In reliance on the Agreement, Rivaplata temporarily relocated to New Jersey and leased an apartment for one year in order to perform the work on the project for Capsugel. Rivaplata received nothing but positive feedback on his work product from those at Capsugel while at the project.

**Plaintiffs' Original Petition**                                                                           **Page 2**

9.      Rivaplata is a citizen of the United States of America who resides in the State of Texas. CPM has its principal place of business located in Dallas, Dallas County, Texas.  Rivaplata is the owner and sole member of CPM.

10.     Rivaplata's work for Capsugel was managed by Capsugel employee Muralidhar Nuggehalli. Upon information and belief, Nuggehalli is an Indian national.

11.     Without explanation, on June 14, 2017, Rivaplata was advised by Nuggehalli that his services would be terminated effective June 30, 2017—three months before the 6-month+ Project completion date. Rivaplata was later instructed to transition the project to three Capsugel employees believed to be from India: Venugopal Nair, Muppaneni Karunankar, and Yokesh Sivakumar.

12.     Capsugel unlawfully discriminated in terminating Rivaplata and CPM from the Project on the basis of his nationality (United States) in favor of three Indian nationals in order to outsource the work and achieve cheaper labor costs.

13.     The Capsugel IT department consists almost entirely of Indian Nationals with only a small percentage of American IT workers.

14.     Based on the foregoing, Plaintiffs bring the following claims for violations of the New Jersey Law Against Discrimination and tortious interference with CPM's contract with Robert Half.

**V. CLAIMS AGAINTS CAPSUGEL**

**COUNT ONE: TORTIOUS INTERFERENCE WITH CONTRACT**

15.     Plaintiffs hereby incorporate and re-allege the matters set forth in the preceding paragraphs as if set forth at length.

16.     CPM and Robert Half Technology executed a Subcontract Services Agreement in the State of Texas for the purpose of having CPM and Rivaplata perform IT services for Capsugel. In reliance on the Agreement, Plaintiff temporarily relocated from his workplace in Texas to the project site in New Jersey in order to provide services pursuant to the Agreement, and leased an apartment for a period of one year based on the 6 months+ project length.

17.     Capsugel's decision to terminate CPM and Rivaplata from the Project was a willful and intentional act of interference with the Subcontract Services Agreement that was the proximate cause of Plaintiffs losing a minimum of $84,480.00 in income for the last three months of the Project, plus rental obligations on the apartment lease for one year, for which he sues to recover of and from Capsugel.

**COUNT TWO: VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**

18.     Plaintiffs hereby incorporate and re-allege the matters set forth in the preceding paragraphs as if set forth at length.

19.     This court has general personal jurisdiction over Capsugel.  Rivaplata as the owner of CPM brings this claim for violations of the New Jersey Law Against Discrimination Act, N.J. Stat. Ann. § 10.5-5, *et seq.*, which occurred while he was a Texas resident temporarily working for Capsugel in New Jersey. Capsugel's actions resulted in the termination of CPM's subcontractor agreement with Robert Half -- a contract negotiated and executed in the State of Texas, which caused loss of income damage to CPM and Rivaplata in the State of Texas.

20.     Rivaplata belongs to a protected class because of his nationality (United States citizen).

21.     Rivaplata was qualified for the consulting work he was hired to perform for Capsugel. He performed the work adequately and received nothing but praise on his work product while working at the project.

**Plaintiffs' Original Petition**                                                         **Page 4**

22.     Capsugel intentionally terminated Plaintiff from the Project three months before its minimum scheduled completion date, despite excellent work performance, so that it could transition the Project to three Capsugel employees from India, who had cheaper labor rates than Plaintiff.  The termination was due to Rivaplata's nationality (United States), and Capsugel's intentional decision to outsource his work to foreign nationals.  As reported by 60 Minutes, this is a common practice among IT companies.

23.     The foregoing allegations are sufficient to state a prima facie claim of discrimination under the New Jersey Law Against Discrimination. In addition, upon information and belief, employees of Capsugel, including those of Indian ancestry, have a pattern or practice of discriminating against U.S. citizens employed to do IT work at Capsugel projects in the United States by outsourcing their jobs to employees in India, or persons of Indian descent.

24.     Plaintiff Rivaplata has suffered and sustained substantial injury by reason of Capsugel's unlawful discrimination for which he seeks appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), back pay, front pay, rental expenses, interest, attorneys' fees in and court costs in a sum within the jurisdictional limits of the Court.

## VI. ATTORNEYS' FEES AND COSTS OF COURT

25.     Plaintiffs hereby incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

26.     Plaintiffs have retained the undersigned attorneys to represent it in this action and have agreed to pay them reasonable and necessary attorneys' fees.

27.     Plaintiffs hereby seek an award of their reasonable and necessary attorneys' fees incurred in the trial court and any and all appeals therefrom.

**Plaintiffs' Original Petition**                                                           **Page 5**

## VII. JURY DEMAND

28.      Plaintiffs respectfully request a trial by jury on their claims against Capsugel.

## VIII. PRAYER

Plaintiffs respectfully requests that upon trial this Court enter a judgment in favor of Plaintiffs against Capsugel providing for the following relief:

1.      An award of their actual and special damages as pleaded herein, including front pay, back pay, reinstatement, and all compensatory, exemplary, consequential, and economic damages within the jurisdictional limits of the Court;

2.      Plaintiffs' reasonable attorney's fees;

3.      Plaintiffs' costs of Court;

4.      Pre-judgment and post-judgment interest at the highest rate(s) allowed by law;

5.      Such other and further relief, at law or in equity, to which Plaintiffs may be entitled.

**Plaintiffs' Original Petition**                                                    **Page 6**

Respectfully submitted,

Steven E. Clark
State Bar No. 04294800

CLARK FIRM PLLC
10000 N. Central Expressway, Suite 400
Dallas, Texas 75231
Tel.: (214) 890-4066
Fax: (214) 890-4013
Email: sclark@dfwlaborlaw.com

ATTORNEYS FOR PLAINTIFF
MARTINO RIVAPLATA and
CPM CONSULTING, LLC



BY: _____

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 18th day of Oct. , A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Benhy Juhn                    Deputy

Exhibit A-3

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED __CPM CONSULTING, LLC and MARTINO RIVAPLATA v. CAPSUGEL US, LLC__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| **Name:** Steve Clark | **Email:** sclark@dfwlaborlaw.com | |
| **Address:** 10000 N. Central Expy. #400 | **Telephone:** (214) 890-4066 | |
| **City/State/Zip:** Dallas, TX 75231 | **Fax:** (214) 853-5458 | |
| **Signature:** | **State Bar No:** 04294800 | |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

CPM Consulting, LLC

Martino Rivaplata

Defendant(s)/Respondent(s):

CAPSUGEL US, LLC

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:

- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [X] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property

- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [X] Tortious Interference
- [ ] Other:

**Family Law**

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [X] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

RECEIVED

OCT 2 3 2017

BY:_____

STATE OF TEXAS       }
COUNTY OF DALLAS    }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 18th day of Oct , A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Deputy

Exhibit A-4



FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

**CAUSE NO. DC-17-13492**

CPM Consulting, LLC et al

vs.

Capsugel US, LLC

95th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: P

FEE PAID: $40.00



RECEIVED
OCT 2 3 2017
BY:_____

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this Instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
In Dallas, Texas, this 18th day of Oct., A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Beany Johs                    Deputy

Exhibit A-5

**FORM NO. 353-3 - CITATION**
# THE STATE OF TEXAS

To:

    **CAPSUGEL US, LLC**
    **REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS**
    **INCORPORATING SERVICE COMPANY**
    **211 E 7TH STREET SUITE 620**
    **AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CPM CONSULTING, LLC AND MARTINO RIVAPLATA**

Filed in said Court  **2nd day of October, 2017** against

**CAPSUGEL US, LLC**

For Suit, said suit being numbered **DC-17-13492,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If
this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of October, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

               By _____, Deputy
                  BELINDA HERNANDEZ

---

**CERT MAIL**

**CITATION**

**DC-17-13492**

**CPM CONSULTING, LLC et al**
**vs.**
**CAPSUGEL US, LLC**

**ISSUED THIS**
**4th day of October, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  BELINDA HERNANDEZ, Deputy

**Attorney for Plaintiff**
STEVEN EUGENE CLARK
10000 N CENTRAL EXPWY
SUITE 400
DALLAS TX  75231
214-890-4066

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. :  DC-17-13492

Court No.95th District Court

Style: CPM CONSULTING, LLC et al

vs.

CAPSUGEL US, LLC

Came to hand on the _____ day of _____ , 20_____ , at _____ o'clock_____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20_____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____ , 20_____ ,

to certify which witness my hand and seal of office.

Notary Public_____ County_____



RECEIVED

OCT 2 3 2017

BY:_____

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
In Dallas, Texas, this 18th day of Oct., A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy